JAMES. S. SANBORN *vs.* JAMES F. DWINELL & others.

Suffolk.    March 28. — June 21, 1883.    FIELD & DEVENS, JJ., absent.

A bill in equity by A. against B., C., D. and F. alleged that A. was a member of the firm of A. and Company, the other member of the firm being B. and Company, composed of B., C., D. and E.; that the firm of B. and Company defrauded the firm of A. and Company by selling to it adulterated goods; that E. withdrew from the firm of B. and Company, and F. took his place in that firm; that the firm thus formed became a partner in the firm of A. and Company, and defrauded it in the same way; that B. then withdrew from the firm of B. and Company, and the remaining partners of that firm formed a new firm under the name of C. and Company, and became a partner in the firm of A. and Company, which was afterwards dissolved by mutual consent; that this firm defrauded the firm of A. and Company in the same way, and also obtained the agreement of dissolution by fraud; and that the accounts of the firm of A. and Company were kept continuously and without any break, notwithstanding the change of partners.  *Held*, on demurrer, that the bill joined parties against whom the plaintiff had distinct causes of action, in which some of them had no common interest, and was bad for multifariousness.

BILL IN EQUITY, filed June 21, 1882, against James F. Dwinell, John C. Mason, William P. Greeley, and John F. Annable.    The defendants demurred to the bill for multifariousness by reason of the misjoinder of causes of action and of parties defendant.    Hearing before ·C. Allen, J., who sustained the demurrers, and reserved the case for the consideration of the full court.    If the demurrers should be sustained, the plaintiff was to have leave to amend the bill.    The material allegations of the bill appear in the opinion.

  *S. B. Ives, Jr. & E. O. Shepard*, for the defendants.

  *R. D. Smith & W. B. French*, for the plaintiff.

MORTON, C. J.    We are of opinion that this bill is multifarious.    It embraces in the same suit several distinct matters and claims, and joins as defendants distinct parties, who have no common interest in the several distinct claims.    *Metcalf* v.

*Cady*, 8 Allen, 587.    *Pope* v. *Salamanca Oil & Refining Co.* 115 Mass. 286.

From 1868 to 1874, the plaintiff was a member of the firm of J. S. Sanborn and Company, the other member being the firm of Dwinell and Company, composed of the defendants Dwinell, Mason and Greeley, and one Kimball.   The plaintiff complains that this firm of Dwinell and Company defrauded the firm of J. S. Sanborn and Company by selling it adulterated coffee, spices, and other articles.   In 1874, Kimball withdrew from the firm, and subsequently died insolvent, and Annable took his place in the firm.   Thus, a new firm of Dwinell and Company was formed, which then became a partner with the plaintiff in a new firm of J. S. Sanborn and Company.   The plaintiff complains that the new firm of Dwinell and Company defrauded him in the same way.   In 1876, Dwinell withdrew, and the remaining partners, Mason, Greeley, and Annable, formed a new firm, under the name of Mason and Company. At the same time a new firm of J. S. Sanborn and Company was formed, consisting of Sanborn and the firm of Mason and Company, which continued until November, 1877, when it was dissolved, by mutual consent, by an agreement in writing providing for a settlement of the affairs.   The plaintiff complains that the firm of Mason and Company defrauded him in the same way, and that the agreement of dissolution was fraudulently obtained, and ought to be set aside.   Each of the firms of Dwinell and Company and of Mason and Company, and each of the three firms of J. S. Sanborn and Company, was a distinct legal entity.

The bill thus sets out three separate complaints or causes of action: one against the first firm of Dwinell and Company, another against the second firm of Dwinell and Company, and the third against the firm of Mason and Company.   The defendant Annable had no interest in the first firm of Dwinell and Company; he is not responsible for any contracts of that firm, or any frauds it may have committed.   So the defendant Dwinell, after he withdrew, had no interest in the new firm of Mason and Company, and is not responsible for its contracts or frauds. Thus the bill sets out independent causes of action in which the defendants have not a common interest.   As we have said, each partnership was a distinct legal entity, and the principle is the

same as if the bill had alleged that the plaintiff was at one time a partner of Dwinell, at another time a partner of Annable, and at another time a partner of Mason and Greeley, and that each partner had defrauded him.

It is no answer for the plaintiff to say that the accounts of the several firms of J. S. Sanborn and Company were kept continuously and without any break. This was his fault, and, if it exposes him to some inconvenience in his proofs, it cannot enlarge the liability of the defendants, who are not responsible for it. By separate suits, the accounts of each of the firms of J. S. Sanborn and Company can be adjusted, and the rights of the partners, as between themselves, settled. The defendants Dwinell and Annable ought not to be subjected to the disadvantage and expense of meeting and answering charges of fraud against other persons, with whom they have no connection. They are thus exposed, if the plaintiff can join his three different causes of action in one suit.

We are of opinion that the decree sustaining the demurrers, with leave to the plaintiff to amend, must be affirmed.

*Decree affirmed.*