LUCY R. KEITH, administratrix, & another *vs.* HANNAH
KEITH, administratrix, & others.

Plymouth.    Nov. 23, 1886. — Jan. 6, 1887.    W. ALLEN, J., absent.

A bill in equity by A., administrator of B.'s estate, and C., B.'s son, against the
administrator of D.'s estate, D.'s two children, and the trustee under his will,
alleged two successive partnerships, the first between B. and D., and the second
between A., "using and representing the estate of B.," and D.; that D. died,
leaving A. the surviving partner; that certain parcels of real estate were
bought with partnership funds, and were partnership property, but for con-
venience the legal title of part was taken in the name of D., and part in the
name of one of his children, as well as part in the name of B., and part in the
name of C.; that certain personal property belonging to the firm was in the
hands of D.'s administrator, and other personal property in the hands of D.'s
other child; and that all the defendants refused to surrender or make division;
and prayed for accounts, to ascertain what property was in the hands of the
defendants severally, and that a division might be ordered. *Held*, on demurrer,
that the bill was multifarious.

HOLMES, J.    This bill in equity alleges two successive part-
nerships, the first between Jonathan Keith and Charles Keith,
the second between the plaintiff Lucy R. Keith, Jonathan's ad-
ministratrix, " using and representing the estate of said Jona-
than," and the same Charles.    So far as Lucy R.'s responsibility
is concerned, the latter partnership, of course, was between her
personally and Charles.    But Jonathan's next of kin could elect
to follow the assets into the business.    *Docker* v. *Somes*, 2 Myl.
& K. 655.    *Palmer* v. *Mitchell*, 2 Myl. & K. 672, note.    *Heath-
cote* v. *Hulme*, 1 J. & W. 122.    And it might be a question
whether, if, as is stated, the second arrangement was by consent
of all parties interested, and the business was carried on without
a break, as if Jonathan had not died, or as if his estate had taken
his place, there would be any objection to taking the accounts of
both firms in a single bill brought for that purpose.    But that is
not the scope of the bill before us.

The bill alleges the death of Charles, leaving Lucy R. the
surviving partner.    It then sets forth, that certain parcels of real
estate were bought with partnership funds, and are partnership
property, but for convenience the legal title of part was taken in
the name of Charles, and part in the name of his son James, as

well as part in the name of Jonathan, and part in the name of his son Wallace, the other plaintiff in the bill. The bill also alleges that certain personal property belonging to the firm is in the hands of Hannah Keith, Charles's administratrix, and other personal property in the hands of his daughter, Mary. The above-mentioned James and Mary, Charles's children, and Hannah, his administratrix and his children's guardian, and also a trustee under his will, are made parties defendant. It is alleged that they all refuse to surrender or make division, and it is prayed that a division may be ordered. The accounts prayed are simply accounts to ascertain what property is in the hands of the defendants severally, as preliminary to the division.

We suppose that Wallace, the son of Jonathan, is joined as a plaintiff on the footing of the Massachusetts rule, that partnership real estate, so far as its conversion is not necessary to pay firm debts or to adjust balances between the partners, will descend in the same way as if it had not been partnership property, at law, if the legal title and beneficial interests correspond; otherwise, by way of resulting trust. *Shearer* v. *Shearer*, 98 Mass. 107. We take the allegations that the equitable title to one half the real estate vested in Jonathan, and after his death in Wallace, to be inserted with this view, and not to be intended to contradict the averment that the land was partnership property. In this light, if the bill were brought by Wallace to establish a resulting trust in respect of land in the hands of one person, it might perhaps be proper to join Jonathan's administratrix as a party for the purpose of establishing a clear title free of any partnership lien, supposing all debts to have been paid, and no such lien to exist in fact. But the claim of the heir to real estate not needed for the settlement of the partnership affairs, and the rights of the executrix and surviving partner to have or make such a settlement, are perfectly distinct. Still more plainly distinct are this right of the heir, and the right of a surviving partner to receive the personal property of the firm. This bill simply puts these last-mentioned two rights side by side, and seeks to enforce one for the one plaintiff and the other for the other. It is to be observed, that the plaintiff Lucy discloses no interest in the land, either as administratrix or surviving partner, as it is not alleged that there are outstanding

debts, or any other reasons for a sale and conversion. The bill seems to imply that there are no such reasons, although it does not allege the fact distinctly.

But supposing that this defect could be cured, the bill is multifarious, because it joins distinct claims against different defendants. If Wallace has a resulting trust in the real estate, his title is irrespective of the partnership, and the question whether James is to be charged with such a trust in respect of one parcel has nothing in common with the question whether Hannah shall be charged with a similar trust in respect of another, or the trustee under Charles's will in respect of a third. Supposing that all the defendants were shown to be beneficially interested in each parcel, and therefore proper parties to a bill in respect of each, still that would not justify joining all the claims in one bill, when the alleged trustees have no interest in common as trustees, and each of them repudiates and denies the trust. It is even plainer that the defendants who are alleged to have personal property in their possession have no common interest with the defendants who hold the land. See *Sanborn* v. *Dwinell*, 135 Mass. 236; *Metcalf* v. *Cady*, 8 Allen, 587, 589; *Cambridge Water Works* v. *Somerville Dyeing & Bleaching Co.* 14 Gray, 193; *White* v. *Curtis*, 2 Gray, 467.

*Demurrer sustained.*

*E. H. Bennett & H. Kingman*, for the plaintiffs.
*J. White & R. D. Smith*, for the defendants.