EASTERN BUILDING & LOAN ASS'N v. DENTON et al.

(Circuit Court of Appeals, Sixth Circuit. February 5, 1895.)

No. 225.

FORECLOSURE OF MORTGAGES—MULTIFARIOUSNESS.

Where one gives to the same person two mortgages, each covering a separate lot, and securing a different loan, and the lots have since been conveyed to different persons, who are made defendants, a bill to foreclose both mortgages in one suit is multifarious.

Appeal from the Circuit Court of the United States for the Eastern District of Tennessee.

Suit by the Eastern Building & Loan Association against John A. Denton and others to foreclose two mortgages. A demurrer to the bill was sustained, and complainant appeals.

In this case the complainant filed its bill in the court below for the purpose of foreclosing two several mortgages. The mortgages originated in the manner following: On the 1st day of July, 1891, the complainant made two separate loans of money to John S. Buchanan and A. A. Crabbs, each of which was for the sum of $1,819.53. For each of these several loans the defendants Buchanan and Crabbs gave their joint promissory notes, and to secure the notes given for one of said loans executed to complainant a mortgage on lots 5 and 6, in block 28, in the town of Dayton, Tenn. To secure the notes given for the other loan, they gave another mortgage to complainant on lots 7 and 8 in the same block. Both of these mortgages were duly registered. The makers of the notes paid something over one-fourth of the amount due on each of the loans. Subsequent to the registration of the mortgages, the mortgagors, Buchanan and Crabbs, conveyed lots 5 and 6, being the lots covered by one of the mortgages, to the defendant Swabey, who went into possession thereof; and also conveyed to defendant Denton lots 7 and 8, being the lots covered by the other of said mortgages, and the grantee took possession of those lots. The makers of the notes being in default in respect to the remainder of the loans, the mortgagee filed this bill to foreclose them both in one suit. The amount due upon each of the mortgages, exclusive of interest, is less than the sum of $2,000; but the amount due on both of them exceeds that sum. It is alleged in the bill that, prior to the conveyances to Swabey and Denton, the defendants entered into a fraudulent combination for the purpose of defrauding complainant, and hoped to deprive the jurisdiction of the United States court. The bill prayed for foreclosure, and for general relief. No defense was made by Buchanan and Crabbs, but the defendants Swabey and Denton appeared, and demurred to the bill on the ground that it is multifarious, in that it seeks the foreclosure of two separate and distinct mortgages in one suit; and because there is a misjoinder of parties defendant, in that each defendant has no interest in the two lots which were conveyed to the other; and because, also, the matter in dispute, in respect to each mortgage, does not exceed $2,000. The complainant moved for the appointment of a receiver of the rents and profits of the mortgaged premises pendente lite, on the ground that the security was insufficient. The court below sustained the demurrer and dismissed the bill as to the defendants Swabey and Denton, and denied the motion for a receiver. The opinion of the court below shows that the ground on which the demurrer was sustained was that of multifariousness in the bill. The complainant appeals, and assigns as error the action of the court below in sustaining the demurrer, and in refusing to appoint a receiver.

T. M. Burkett, W. B. Miller, and F. L. Mansfield, for appellant.

Pritchard & Sizer, for appellees.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

SEVERENS, District Judge, having stated the case as above, delivered the opinion of the court.

It has been frequently observed, in cases where the question of multifariousness has been involved, that it is difficult to state any clear and definite rule governing the subject, and that it is difficult, also, to reconcile the various cases in which the doctrine has been applied. Several different attempts have been made to state the general rule governing the subject, from which it would seem to result that a bill is to be regarded as multifarious when it embraces two or more distinct subjects of litigation. Daniell, Ch. Pl. & Prac. 334; 1 Beach, Mod. Eq. § 115. In such cases it is sometimes attempted to join separate and distinct claims against the same defendant; in others, separate and distinct claims are asserted against several defendants. With respect to the first class, the courts have been more disposed to treat the matter as one of convenience, and have been rather disinclined to entertain the objection where the rights of the parties could be fairly worked out, and justice fully administered. In respect to the last class, the objection has been quite uniformly sustained. Emans v. Emans, 13 N. J. Eq. 205; Brewer v. Norcross, 17 N. J. Eq. 219; Sanborn v. Dwinell, 135 Mass. 236; Keith v. Keith, 143 Mass. 262, 9 N. E. 560; Boyd v. Hoyt, 5 Paige, 65; Swift v. Eckford, 6 Paige, 22. A general test by which the propriety of joining several subjects of litigation in one bill would seem to be whether there is any element in the controversy which forms an intrinsic connection between the subjects, the determination of which, one way or the other, would affect the related matters in issue; or whether, on the other hand, the matters are so distinct and isolated from each other as that the determination of the one does not control or affect the other matter in controversy, or the other parties who represent the interests therein involved. The subject was fully considered in the case of Gaines v. Chew, 2 How. 642. In that case the legatee, claiming several estates under a will, filed a bill against the executors of a former will, which was alleged to be void, and the devisees therein, for an accounting of the dealings with the estate, and also various parties who held in severalty lands conveyed to them by the executors. The objection that the bill was multifarious was taken by the defendants in their defense, but the objection was overruled, and it was held by the supreme court that the question of the validity of the will was a vital one in the case, and that, as all the defendants were interested in that question, it furnished a common bond, which held all the issues together. The question was again considered in the case of Brown v. Guarantee Trust Co., 128 U. S. 403, 9 Sup. Ct. 127, where the rules governing the subject were stated in considerable detail. In the course of the opinion delivered in that case by Mr. Justice Lamar, it is said at page 412, 128 U. S., and page 127, 9 Sup. Ct.:

"It is not indispensable that all the parties should have an interest in all the matters contained in the suit; it will be sufficient if each party has an interest in some material matters in the suit, *and they are connected with the others;*" citing Addison v. Walker, 4 Younge & C. 442; Parr v. Attorney General, 8 Clark & F. 409; Worthy v. Johnson, 8 Ga. 236.

The italics in this quotation are our own, but they indicate the limitation of the principle which renders it permissible to join different matters in the same suit. Illustrations of the rule are given in Story, Eq. Pl. § 272, as follows:

"Thus, if an estate should be sold in lots to different persons, the purchasers could not join in exhibiting one bill against the vendor for a specific performance, for each party's case would be distinct, and would depend upon its own peculiar circumstances; and therefore there should be a distinct bill upon each contract. On the other hand, the vendor, in the like case, would not be allowed to file one bill for a specific performance against all the purchasers of the estate for the same reason."

The facts in the present case furnish an equally pertinent illustration. The loans were separate and distinct, and the mortgages securing the respective debts were of separate parcels of land. The lands had passed into the hands of subsequent purchasers, neither of whom has any interest whatever in the land purchased by the other; and these purchasers are made defendants. It is clear that their demurrer for multifariousness is well founded.

No facts are stated in the bill in support of the allegation that the defendants combined to defraud complainant of its rights, and there is no allegation that the conveyances were made with an intent to defeat the jurisdiction of the United States court. The combination for such a purpose, and making the conveyances to accomplish it, are not well pleaded, and therefore not admitted by the demurrer. We do not mean to imply, however, that the suit would not have been multifarious if it had been brought before those conveyances against the mortgagors only. The motion for the appointment of a receiver was addressed to the discretion of the court, and its action in refusing it cannot be assigned as error. Besides, it is not such an order as constitutes the basis for an appeal, being merely interlocutory. The decree and order of the court below should be affirmed.