SUSAN F. SYLVESTER & others *vs.* JAMES O. BOYD & others.

Worcester. May 21, 1896. — June 16, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Equity — Multifariousness — Judgment.*

A bill in equity is multifarious which joins different causes of action that cannot properly be tried together.

The validity of a judgment in a former suit cannot be determined collaterally in a subsequent suit between different parties.

BILL IN EQUITY, filed in the Superior Court, on December 8, 1892, by Susan F. Sylvester, Sarah M. Webber, and George W. Webber, administrator of the estate of Mary B. Boyd, against James O. Boyd, Edgar A. Knight, George F. Peckham, George D. Moore, William B. Sprout, and Hiram C. Boyd. The defendants demurred to the bill, on the ground, among others, of multifariousness. The Superior Court sustained the demurrers, and dismissed the bill; and the plaintiffs appealed to this court. The material facts appear in the opinion.

*W. S. B. Hopkins & F. M. Morrison,* (*J. H. Bancroft,* with them,) for the plaintiffs.

*H. L. Parker & H. S. Haskell,* for the defendants.

KNOWLTON, J. The plaintiffs allege that the defendant James O. Boyd received the property mentioned in the bill as a trustee; that he appropriated to his own use $1,072 of it, a part of the proceeds of a claim against the Travelers' Insurance Company; that he has mismanaged and improperly conveyed away other parts of the trust estate, and that he has never rendered any account of his doings as trustee although often requested so to do. One of the prayers of the bill is that an account may be taken of his doings as trustee, in order that justice may be done to the plaintiffs. None of the other defendants has or ever had any interest in this money alleged to have been misappropriated, and none of them has any interest in his doings generally and his account as trustee. The plaintiffs also charge the making of a conveyance of valuable real estate and

personal property to George F. Peckham, which they say was in violation of the duty of said Boyd as trustee, and this transaction, so far as appears from the allegations of the bill, was one with which none of the other defendants had any connection. The first proceeding with which any of the other defendants are alleged to have been connected is the entry of a judgment for the defendants in a certain suit in equity brought by two of the present plaintiffs and Hiram C. Boyd, one of the present defendants, against George O. Boyd, George F. Peckham, and one John E. Day, which entry is alleged to have been the result of a fraud and conspiracy on the part of the present defendants, Sprout, Knight, Peckham, and Hiram C. Boyd, to the injury of two of the present plaintiffs. That suit covered some of the matters in which relief is sought in this, and one of the prayers of this bill is that the judgment in that suit may be declared null and void. John E. Day, one of the defendants in that suit, is not a party to this, and several of the defendants in this suit were not parties to that. The plaintiffs also attack in this bill several subsequent conveyances of real estate which are alleged to have been fraudulently made to different persons who are defendants, and to two other parties, all of which is charged to have been done in pursuance of the conspiracy through which the entry of judgment was made.

It is clear that different causes of action are joined which cannot properly be tried together, and that the demurrers should be sustained on the ground that the bill is multifarious. *Cambridge Water Works* v. *Somerville Dyeing & Bleaching Co.* 14 Gray, 193. *Metcalf* v. *Cady,* 8 Allen, 587. *Sanborn* v. *Dwinell,* 135 Mass. 236. *Keith* v. *Keith,* 143 Mass. 262.

It is also quite clear that the validity of the judgment in the former suit cannot be determined collaterally in this action. The remedy of the plaintiffs for the erroneous judgment, if they have any, is by a bill of review, in which all the parties to the former suit, and no others, shall be joined. Without considering other grounds of demurrer, the entry must be,

*Bill dismissed.*