EPHRAIM C. DAVIS *vs.* FRANCIS PEABODY & others.

Suffolk.    December 7, 1897. — February 28, 1898.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Equity — Fraud — Rescission of Contract — Recovery of Consideration — Mismanagement of Trust Fund — Multifariousness — Parties.*

If a person was induced by fraud to enter into a contract which, upon discovery of the fraud, he has rescinded, he may maintain a bill in equity to recover the money which he has paid and to have the contract declared void, and if he is interested as a *cestui que trust* in a fund which the trustee has mismanaged for his own gain, he may also maintain a bill for that; but he cannot require the court to investigate the two grounds of equitable relief in one bill which contains no averments connecting the two sets of equities, and none which show that the alleged malfeasance of the trustee prejudices his relief upon his demand for the repayment of the money so paid by him.

A bill in equity brought by a shareholder against the trustees of an association, alleging mismanagement by them for their own gain of a fund belonging to the association, and praying for the appointment of a receiver to take possession of its property and to convert it into money and distribute it, must be brought for the benefit of all having like interests with himself, so that they may come in and

share in the conduct of the suit, or they must be made defendants; and if they are so numerous as to make it impracticable to join all as parties, enough shareholders who are not also trustees should be made parties to have the interests of the shareholders as a class represented before the court.

BILL IN EQUITY, filed June 23, 1896, in the Superior Court, against Francis Peabody, Thomas L. Nelson, and Horatio R. Fletcher, individually and as trustees of the Texas Pine Land Association, an unincorporated joint stock company. The bill makes no charges of bad faith or suppression of truth against Francis Peabody and Horatio R. Fletcher. The defendants demurred jointly and severally to the bill. Hearing before *Richardson*, J., who sustained the demurrers upon one ground assigned, namely, want of parties, and overruled them as to the other grounds; and, both parties having appealed, reported the questions arising thereon for the determination of this court. The facts appear in the opinion.

*H. N. Shepard*, for the plaintiff.

*W. F. Wharton*, for the defendants.

BARKER, J. The demurrers are upon the grounds that the plaintiff has not stated a case which entitles him to relief in equity, that he has a plain and adequate remedy at law, that his bill is multifarious, and that proper parties are not before the court.

The first two grounds of demurrer were rightly overruled. If the plaintiff was induced by fraud to enter into contracts which upon discovery of the fraud he has rescinded, he has an equitable right to recover the money which he paid, and to have the contracts into which he entered declared void. If, as he also alleges, his trustees have mismanaged for their own gain a fund in which he was interested as a *cestui que trust*, he also has for that a right to relief in equity.

We think, however, that the bill is multifarious, because founded upon distinct rights, not so related to each other that a court of equity should deal with both in the same bill.

The plaintiff was a shareholder and creditor. He alleges that he was induced by false representations to enter into both of these relations, that upon the discovery of the fraud he rescinded the contracts by which he became a shareholder and a creditor, that he offered to return the shares and securities, and demanded

the repayment of the sums which he had paid; wherefore he asks that the contracts whereby he took shares and those whereby he lent the association money be decreed to be rescinded and to be null and void, and that the association may be ordered to pay him back his money with interest. This is one branch of the bill. He further alleges that the trustees have managed and are managing the affairs of the association recklessly, extravagantly, and for their own private interests and profit; and particularly that they have fraudulently diverted a certain sum of $25,000 from the purpose for which it was borrowed to another purpose, for their personal gain and to the great damage of the association.

These two sets of allegations are not connected by any averment that the association has not sufficient means to answer a decree ordering it to repay to the plaintiff his money with interest. The prayer that a receiver may be appointed to take possession of everything belonging to the association, and that all may be converted into money and distributed, is not for something necessary or incidental to the repayment to the plaintiff of his money. The two prayers are for distinct kinds of relief, and if the first is granted the plaintiff will have no further interest in the association or its property, and no further right to complain of misconduct on the part of the trustees.

If he was induced by fraud to become a shareholder and a creditor to his damage, he may maintain his bill to obtain repayment of his money; if he is a *cestui que trust,* and the trustees have managed the trust property improperly and for their personal gain, he may maintain a bill for that. But he cannot require the court to investigate the two grounds for equitable relief in one bill which contains no averments connecting the two sets of equities, and none which show that the alleged malfeasance of the trustees prejudices his relief in his demand for the repayment of the money paid for shares and upon loans. In *Price* v. *Minot,* 107 Mass. 49, and in *Dunphy* v. *Traveller Newspaper Association,* 146 Mass. 495, both branches of the relief sought, one the charging of the existence and the violation of a trust, the other the preservation and recovery of the trust fund, were founded upon one right, and were both essential to the complete relief of the plaintiff. But where the two branches

of the bill are founded upon distinct rights, and the relief asked under one is not essential to full relief under the other, they ought not to be joined, especially if as to one only he has the right to control the suit as sole plaintiff. *Dimmock* v. *Bixby*, 20 Pick. 368, 377. *Cambridge Water Works* v. *Somerville Dyeing & Bleaching Co.* 14 Gray, 193. *Metcalf* v. *Cady*, 8 Allen, 587. *Pope* v. *Leonard*, 115 Mass. 286. *Sanborn* v. *Dwinell*, 135 Mass. 236. *Keith* v. *Keith*, 143 Mass. 262. *White* v. *Bigelow*, 154 Mass. 593, 596. *Sylvester* v. *Boyd*, 166 Mass. 445. See also *Whitney* v. *Union Railway*, 11 Gray, 359; *McCabe* v. *Bellows*, 1 Allen, 269.

It is not necessary to discuss at length the question of parties. If the plaintiff sought only the rescission of his contracts and the repayment of his money, there need be no plaintiff but himself, and no defendants but the trustees, who have power and authority to represent the *cestuis que trust* in litigations. On the other hand all the shareholders have an interest in that branch of the bill which alleges maladministration of the trust property by the trustees, as they also have if the property of the association is to be turned into money and distributed. To obtain such relief the plaintiff must either sue for the benefit of all having like interests as himself, so that they may come in and share in the conduct of the suit, or make them defendants. If they are so numerous as to make it impracticable to join all as parties, enough shareholders who are not also trustees should be made parties to have the interests of the shareholders as a class represented before the court. See *Snow* v. *Wheeler*, 113 Mass. 179; *Tyrrell* v. *Washburn*, 6 Allen, 466.

The bill is not open to demurrer as stating no ground for equitable relief, nor because the plaintiff's remedy is at law. It is multifarious, and the necessary parties are not before the court to enable it to afford relief upon all the grounds upon which the bill is brought.

*Demurrers sustained.*