THE·FIRST NATIONAL BANK OF LINCOLN, ILLINOIS, Appellant, *vs.* HARRY E. STARKEY *et al.* Appellees.

*Opinion filed April 22, 1915.*

1. PLEADING—*no inflexible rule as to what constitutes multifariousness can be laid down.* There is no settled and inflexible rule which determines whether a pleading is multifarious but the question must be determined largely by the circumstances of each particular case.

2. SAME—*objection of multifariousness frequently raises question of convenience.* The objection of multifariousness frequently raises merely a question of convenience in conducting the suit and calls for the exercise by the court of its discretion as to whether the various causes set forth in the bill shall be tried in a single suit or be divided, or whether a defendant who is a necessary party in repect to some matters covered by the bill is so connected with the other matters involved as to make him a proper party in respect to them.

3. SAME—*tests used in determining multifariousness.* Among the tests used in determining whether a bill is multifarious are whether the bill improperly joins distinct and independent matters, thereby confounding them, whether the causes of action united in the bill require separate defenses or separate decrees, or whether the bill, fairly. construed, shows a single object and seeks to enforce one common right.

4. SAME—*a bill joining different claims against different defendants may be multifarious.* A bill which joins different claims against different defendants may be multifarious, since ordinarily a claim against two or more defendants cannot properly be united with a separate claim against one, only, and distinct claims against two or more defendants on individual accounts cannot be joined.

5. SAME—*when bill may be objected to as multifarious.* A bill may be objected to as multifarious if it alleges a claim against a

defendant in his individual capacity and another claim against him as an heir, for the debt of his ancestor, or where the bill joins two distinct claims—one against an executor and one against the heir.

6. SAME—*what is more commonly understood by term "multifariousness."* What is more commonly understood by the term "multifariousness," as applied to a bill, is where a party is able to say that he has been brought in as a defendant upon a record with a large portion of which he has no connection whatever.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding.

C. EVERETT SMITH, and THOMAS D. MASTERS, (HARDIN W. MASTERS, of counsel,) for appellant.

W. A. COVEY, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill filed by appellant, the First National Bank of Lincoln, Illinois, against Charles A. Nicholson and Harry E. Starkey, executors of the last will and testament of Aaron B. Nicholson, deceased, in their capacity as executors, and also against Mary B. Nicholson and Albert R. Nicholson, each in his individual capacity, to reach their distributive interests in the estate of said Aaron B. Nicholson. Charles A. Nicholson was also joined as a defendant in his individual capacity. Said Mary B., Albert R. and Charles A. Nicholson filed their answer to said bill, to which exceptions were filed by appellant. These exceptions were sustained, and said defendants thereupon obtained leave of court to file amended answers, the coming in of such amended answers to await the decision of this court with respect to the action of the chancellor in sustaining the executors' demurrer. Said executors interposed a general and special demurrer to the bill, which, on a hearing, was sustained and the bill dismissed for want of

equity. Appellant excepted and elected to stand by its bill and perfected an appeal to the Appellate Court. That court affirmed the decree of the circuit court and granted a certificate of importance to this court. This appeal followed.

The bill alleges that on November 2, 1912, appellant obtained a judgment by confession against Charles A. and Albert R. Nicholson for $2612.21; that on the 16th day of November, 1912, appellant, in a foreclosure proceeding, obtained a deficiency decree against Mary B. and Charles A. Nicholson for $6012.32, and execution issued on both judgments; that on October 3, 1912, Aaron B. Nicholson departed this life, testate, his will being duly probated in the county court of Logan county, by which he bequeathed his personal property, amounting to about $30,000, to Mary B., Charles A. and Albert R. Nicholson and five other persons not parties to this suit, residuary legatees, share and share alike; that appellee Charles A. Nicholson is the husband of said Mary B. Nicholson and a brother of Albert R. Nicholson, and that the appellee Harry E. Starkey is a brother-in-law of Charles A. Nicholson; that Charles A. Nicholson and Harry E. Starkey were named as executors of said will and letters testamentary have been issued to them as such by the said county court of Logan county, and they have since been acting as such executors, without bond. The bill further alleges that at the time of said Aaron B. Nicholson's death, according to the land records of Logan county, he was the owner in fee of certain real estate (describing it) located in said city of Lincoln; that appellant has been informed that said Aaron B. Nicholson, some time prior to his death, conveyed said premises by deed to Mary B. Nicholson, and that said Mary B. Nicholson, for the purpose of hindering, delaying and defrauding appellant in the collection of its judgment, has refused to file said deed for record, and the appellant does not know whether she took a life estate or a fee in said property and is unable to ascertain such fact; that said judgment debt-

ors, Mary B. and Albert R. Nicholson, have no property
of any kind or description, except their distributive shares
coming to them as legatees under said will and other than
any interest that said Mary B. Nicholson may have in said
real estate; that said Mary B. and Albert R. Nicholson
have stated that they propose to prevent the appellant from
satisfying said judgment out of their respective distribu-
tive shares; that although the said appellant has applied to
said executors for information as to the amount of said
distributive shares under the terms of said will and as to
when the executors would apply to the county court of
Logan county for an order of distribution, said executors
have refused to give appellant such information or any in-
formation with respect to said matters; that appellant is
without any remedy, under the laws of this State, to re-
cover on said judgment except by these proceedings, and
prays that said executors may be required to give notice
to the appellant of the time when they shall apply to said
county court for an order of distribution as to the estate
of said Aaron B. Nicholson, and that they be required at
such time to set up in their petition for distribution said
judgment claims of appellant against Mary B. and Albert
R. Nicholson and be required to pay to appellant so much
of their distributive shares as may appear necessary to sat-
isfy the amount of said judgments, and that appellees be
restrained from paying to Mary B. and Albert R., either
upon partial or final distribution, any part of said legacies
until the further order of court. The bill also prays that
said Mary B. Nicholson be required to make full discovery
as to her interest in the real estate conveyed to her by said
Aaron B. Nicholson in his lifetime.

One of the grounds urged in the demurrer was that the
bill is multifarious. To lay down any rule universally ap-
plicable as to multifariousness, or to say what constitutes
multifariousness as an abstract proposition, is, under the
authorities, utterly impossible. (Story's Eq. Pl.—10th ed.—

sec. 530.) There is no settled and inflexible rule as to deciding whether a pleading is multifarious. The question is one which must be determined largely by the circumstances of each particular case. (14 Ency. of Pl. & Pr. 195.) Under recent decisions it is frequently held that the objection of multifariousness usually raises merely a question of convenience in conducting the suit, and calls for the decision of the court simply upon the question whether, in its discretion, the various causes set forth in the bill should be tried in a single suit or should be divided and tried in two or more suits, or whether a defendant who is a necessary party in respect to some matters covered by the bill is so connected with the other matters involved as to make him a proper party in respect to them. (*Graves* v. *Corbin,* 132 U. S. 571; *North American Ins. Co.* v. *Yates,* 214 id. 272; Story's Eq. Pl.—10th ed.—sec. 271, note *a.*) In spite, however, of the absence of any general rule as to what constitutes multifariousness, it is generally held that there are certain principles and tests by which that defect may be discovered in any particular case. By multifariousness, says a noted author, is meant improperly joining in one bill distinct and independent matters and thereby confounding them. (Story's Eq. Pl.—10th ed.—sec. 271.) This is one of the tests that is generally applied in all jurisdictions. Another test that is frequently applied is as to whether the causes of action united in the bill require separate briefs and decrees or separate defenses. Another test often employed is whether the bill, fairly construed, shows a single object and seeks to enforce one common right. (14 Ency. of Pl. & Pr. 197.) Frequently the objection raised, though termed multifariousness, is, in fact, more properly a misjoinder; that is to say, the cases or claims united in the bill are of so different a character that the court will not permit them to be litigated in one record. It may be that the plaintiffs and defendants are parties to the whole of the transactions which form the subject of

the suit, and nevertheless those transactions may be so dissimilar that the court will not allow them to be joined together but will require distinct records. But what is more familiarly understood by the term "multifariousness," as applied to a bill, is where a party is able to say that he is brought as a defendant upon a record with a large portion of which he has no connection whatever. (1 Daniell's Ch. Pr.—6th Am. ed.—*336.) It has been held that a bill which joined different claims against different defendants was multifarious, for a claim against two or more defendants cannot be properly united with a separate claim against one, only, and distinct claims against two or more defendants on individual accounts cannot be thus joined. (*Keith* v. *Keith,* 143 Mass. 262; *Brewer* v. *Norcross,* 17 N. J. Eq. 219; *Emans* v. *Wortman,* 13 id. 205; *Swift* v. *Eckford,* 6 Paige's Ch. 22; 1 Beach on Modern Eq. Pr. sec. 121.) A bill containing a claim against a defendant in his individual capacity and another claim against him as an heir, for the debt of his ancestor, may be objected to for multifariousness. (*Bryan* v. *Blythe,* 4 Blackf. 249.) So a bill is multifarious which mixes up independent claims of the plaintiff in his own right with others as administrator. (*Carter* v. *Treadwell,* 3 Story, 25.) It has also been held that the bill was multifarious in joining two distinct claims,—one against an executor and one against the heir. Story's Eq. Pl. (10th ed.) sec. 276.

Tested by these general rules, is this bill multifarious? Under many of the authorities it might well be argued that the bill is multifarious because it was attempting to collect two distinct claims,—one judgment against Mary B. Nicholson and Charles A. Nicholson, and a second judgment, so far as is shown by this record, entirely independent of the other, against Albert R. Nicholson and Charles A. Nicholson. But there is a still stronger ground for arguing that this bill is multifarious. It attempts to discover the inter-

est of Mary B. Nicholson in a certain piece of real estate and to proceed against her interest, if any, therein, without any allegation that the executors or other parties defendant have any interest in said real estate. Any evidence of the interest of Mary B. Nicholson in said real estate would be entirely foreign, distinct and separate from the interest of any of the other defendants in what is sought to be recovered herein. If appellant were allowed to prosecute the bill with its present allegations, none of the evidence on this portion of the record would have any connection with nor could it affect in any way the other defendants. The allegations of the bill and the prayer for relief as against Mary B. Nicholson in said real estate bring this portion of the bill within the rule laid down by all authorities that such a bill is multifarious, because it puts upon the other defendants the trouble and costs of a record with which they have no connection whatever. The trial court properly sustained the demurrer and dismissed the bill on this ground alone. If the bill had alleged any conspiracy or fraud against all of appellees in attempting to conceal the interest of Mary B. Nicholson in said real estate a different situation might be presented on this question. As we read the bill, however, we find no such charge therein.

Other grounds are urged by counsel for appellees as to why the trial court properly sustained the demurrer to the bill. It was on one of these other grounds that the Appellate Court affirmed the decree of the lower court. In view of what has already been said, however, it is unnecessary for us to consider any of these other questions.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*