JOHN CEDAR *vs.* SUPERIOR CREDIT CORPORATION & others.

Worcester.    May 22, 1931. — June 24, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Equity Pleading and Practice*, Bill: multifarious.

A bill in equity by a stockholder in a corporation in behalf of himself and of the other stockholders, and not stated to be brought on behalf of the corporation, whereby the plaintiff alleged fraud inducing him to purchase his stock, illegality in the issuance of certain stock and injury to the corporation by improper conduct on the part of certain defendants with respect thereto and to subsidiary corporations; and sought general and other relief accordingly, was multifarious in that it combined unconnected causes of action and joined as defendants distinct parties having no interest in the several distinct claims.

BILL IN EQUITY, filed in the Superior Court on August 14, 1929, and afterwards amended, described in the opinion.

Certain of the defendants demurred.    The demurrer was heard by *Whiting*, J., and was sustained on the ground of multifariousness.    A final decree was entered dismissing the bill as against such defendants.    The judge thereupon reported the suit for determination by this court.

*F. P. Ryan, P. P. Zambarano, & T. L. Walsh*, for the plaintiff, submitted a brief.

*G. H. Mason*, for the defendants.

CARROLL, J.    This is a suit in equity brought by the plaintiff Cedar against the Superior Credit Corporation, Hays, Bassett and others.    The corporation and Bassett filed demurrers.    Thereafter an interlocutory decree was entered on the motion of the corporation, Bassett and Hays sustaining the demurrers on the ground that the bill was

multifarious. From this interlocutory decree, and from a decree dismissing the bill as to these three defendants, the plaintiff appealed. The case was reported to this court. Certain other named defendants have not been served with process, others have not appeared, and some of the defendants outside the Commonwealth, while served with process outside the Commonwealth, have filed special appearances. The bill alleges that four individuals and many others, holders of stock in the corporation, have joined with the plaintiff; that the bill is brought for all the stockholders of the corporation. It does not purport to be brought on behalf of the corporation. *Spear* v. *H. V. Greene Co.* 246 Mass. 259.

The plaintiff alleges that a Delaware corporation was formed for the business of "financing automobiles"; that this corporation transferred its assets to the L. A. W. Acceptance Corporation, a Massachusetts corporation, which afterwards changed its name to the United L. A. W. Corporation; that the name of this corporation was again changed to that of the Superior Credit Corporation; that the acceptance corporation, after receiving the assets of the Delaware corporation, increased its capital stock, the new stock being sold through its sales organization, allowing a selling expense not in excess of thirty per cent, "or $90.00 per unit"; that any saving over this was retained by the defendant Wolfe; that the plaintiff was ignorant of this arrangement and bought his stock on the representation that all the payments for the stock were to be used in carrying on its business; that many of the stockholders were unaware that only seventy per cent of the paid-up stock was used by the corporation for the purpose of carrying on its business; that Wolfe and Rosoff conspired to cause "the Articles of Organization and the Agreement of Association" of the L. A. W. Acceptance Corporation to be executed as a scheme to obtain a charter "as an agency for an endless stock selling security campaign" for their personal enrichment; that the defendants Hays, Wolfe and Rosoff caused the changes in the name of the corporations to be made to defeat the claim of the plaintiff

and other stockholders, and that these defendants also sold securities amounting to $2,000,000, which proceeds were not paid to the corporation.

The bill then asserts that subsidiary corporations were organized and a large part of the proceeds from the sale of stock of these corporations was appropriated by Wolfe, Rosoff and Hays; that class B of the common stock of the defendant corporation was illegally issued; that Wolfe and Rosoff did not have title to this stock, it "having been fraudulently issued to them without consideration," all of which facts were well known to the defendant Hays and the Superior Service Finance Corporation "at the time said controlling stock was transferred to him or it"; that Hays and the Superior Service Finance Corporation had no title to this stock; that the defendant Gunder "and or" the Bankers' Finance Trust had no title to this stock; that they obtained it with knowledge of its illegality; that in May, 1928, Rosoff and Wolfe caused to be transferred to Hays and to the Superior Service Finance Corporation of New York the voting control of the defendant corporation for no adequate consideration.

It is further alleged that Wolfe, Rosoff and Hays appropriated funds of the defendant corporation in order to settle claims against themselves; that the defendants Bassett, Gunder, Sturges and Randall acquired control of the Superior Service Finance Corporation which had control of the defendant corporation through the alleged ownership of class B stock; that Gunder and his associates paid nothing for the stock transferred to them and acquired the control, knowing of the frauds of former officers of the defendant corporation. The bill also alleges that Bassett, as treasurer of the corporation, transferred without consideration $200,-000 of its assets to the Bankers Capital Corporation; that Bassett, with Hays, Gunder, Sturges and Randall, caused a controlling voting interest in the corporation to be transferred to the Bankers Financial Trust.

The prayers of the bill are for general relief; that the loss of the corporation be ascertained and the defendants other than the corporation be ordered to pay this loss;

that the corporation be liquidated; that class B common voting stock be ordered returned and cancelled; that the agreement between Wolfe, Rosoff and Hays and the Superior Service Finance Corporation be rescinded.

The bill seeks to combine in a single proceeding a claim for the violation of personal rights and claims against individuals and various corporations for wrongs done the defendant corporation. It alleges that a part of the stock of that corporation was illegally issued and prays that this stock may be ordered returned and cancelled; that the agreement between Wolfe, Rosoff and Hays and the Superior Service Finance Corporation be rescinded and that the defendant corporation be liquidated. The plaintiff alleges that he was induced to buy the stock owned by him by reason of false representations; that Wolfe and Rosoff conspired for their personal enrichment in the organization of the L. A. W. Acceptance Corporation; that at one time Wolfe and Rosoff controlled the L. A. W. Acceptance Corporation; that at one time Hays controlled the Superior Service Finance Corporation; that in April, 1929, Bassett, Gunder, Sturges and Randall acquired control of the voting stock of the Superior Service Finance Corporation. Without attempting a complete analysis of the bill, it shows that relief is sought for distinct and separate wrongs, some of which are individual and some corporate. They are disconnected and are not sufficiently bound together so as to give relief in a single suit. The various defendants, as well as the various corporations, have antagonistic interests, and the issues are of such a nature that they cannot be joined under the rules of chancery. We are of opinion that the bill is multifarious because it combines different, unconnected causes of action which cannot be tried together in one suit, and includes in the same suit several distinct matters, joining individuals and corporations who are distinct parties and have no interest in the several distinct claims. *Keith* v. *Keith*, 143 Mass. 262. *Davis* v. *Peabody*, 170 Mass. 397, 399–400. *Reno* v. *Cotter*, 236 Mass. 556. *Spear* v. *H. V. Greene Co.* 246 Mass. 259.

Under the terms of the report it is not necessary to dis-

cuss the other grounds of the demurrers. See *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379. The interlocutory decree sustaining the demurrers and the final decree dismissing the bill as against the corporation, Bassett and Hays are affirmed.

*Ordered accordingly.*