LEONARD TUFTS & another, administrators, *vs.* NATHAN WAXMAN.

Suffolk.    March 24, 1902. — March 26, 1902.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Equity Pleading and Practice.    Discretion of Court.    Practice, Civil*, Double costs.

The refusal of leave to file an amendment to an answer in a suit in equity is within the discretion of the court.

Where it appears on the record of a case reported from the Superior Court that a final decree was entered for the plaintiff from which the defendant did not appeal, the decree of the Superior Court must stand.

R. L. c. 156, § 13, providing for double costs on frivolous appeal or exceptions, probably does not apply to a case coming up on report.

BILL IN EQUITY, filed January 15, 1902, to reach and apply certain property of the defendant to the payment of a debt to the plaintiffs.

In the Superior Court the case was heard by *Bishop*, J., who reported it to this court.  By the report it appeared, that the counsel for the defendant requested leave to file an amendment to the answer, setting forth that R. L. c. 159, § 3, cl. 7, is unconstitutional as being contrary to Article 15 of the Massachusetts Bill of Rights and also contrary to the 7th Amendment of the Constitution of the United States, and further setting forth that the special judgment entered in the original action was void, as the claim on which it was obtained was one provable in bankruptcy, and that Pub. Sts. c. 171, § 23, and R. L. c. 177, §§ 24, 25, are contrary to and inconsistent with § 11 of the bankruptcy act of 1898 and annulled by that law.

The judge in the exercise of his discretion refused to allow the amendment to be filed, and the counsel for the defendant excepted to the refusal. The defendant's counsel admitted the allegations of the bill not admitted by the answer, and stated that he did not care to be heard upon any question raised in the case as it then stood, and no evidence was offered by either side. A final decree was thereupon entered ordering the defendant to pay the plaintiffs the sum of $2,331.20 with interest from December 2, 1901, and, in the event of his refusing or neglecting to do so, ordered that certain mortgages and notes belonging to the defendant should be sold, and the proceeds applied to the payment of the plaintiffs' claim.

The plaintiffs' counsel, contending that the defendant's exceptions were frivolous and intended to postpone judgment, requested the judge to report the case to this court in order that it might reach this court in season for argument at the March sitting of 1902, and the defendant's counsel assented thereto. The judge accordingly reported the case to this court. If the judge had no legal right to refuse to allow the amendment, and erred in refusing to allow it, the decree entered was to be vacated and the cause sent back; otherwise the decree was to be affirmed.

*P. Tworoger*, for the defendant.

*W. M. Noble*, for the plaintiffs, filed no brief, and moved for double costs.

HOLMES, C. J. If the report of the justice of the Superior Court is properly before us, there is nothing in it to show that his discretion was wrongly exercised in denying the defendant leave to amend. There is no appeal. Therefore, whether the report is properly before us or not, the decree of the Superior Court must stand. The motion for double costs is overruled, as it is at least doubtful whether the statute can be extended to cover this case. R. L. c. 156, § 13.

*Decree to stand.*