Alice V. Hannaberry & another *vs.* George W. Green.

Suffolk.    October 17, 1916. — November 28, 1916.

Present: Rugg, C. J., Loring, Braley, Pierce, & Carroll, JJ.

*Equity Jurisdiction,* To relieve from fraud. *Equity Pleading and Practice,* Appeal, Master: report, refusal of requests, motion to recommit, Amendment to bill.

If, in a suit in equity in which the plaintiff alleged that, by fraud of the defendant and of attorneys employed by the plaintiff, one of whom also was employed by the defendant, who conspired together for the purpose, she had been induced to convey to the defendant for $800 property worth $2,500, a master finds, without a report of the evidence, that the defendant did not conspire as alleged, that the conveyance was for a valuable consideration and that it was obtained by the defendant without fraud or conspiracy, and a decree is entered dismissing the bill from which the plaintiff appeals, the decree must be affirmed.

An appeal from a decree overruling exceptions to refusals of a master to grant requests for findings of fact, although they are entitled "requests for rulings," raises no question of law.

In the suit described above, upon the findings of the master that the defendant did not participate in any fraud, it is immaterial whether or not the plaintiffs' attorneys were guilty of fraud, and therefore a motion, filed after the filing of the master's report, to amend the bill by adding allegations setting forth specifically the alleged fraud of the plaintiffs' attorneys and the connection of one of them with the defendant, and a motion to recommit the report to the master with instructions to make specific findings as to those allegations, are matters within the discretion of the court and properly may be denied.

Bill in equity, filed in the Superior Court on July 6, 1915, alleging in substance that the defendant, through a conspiracy of himself and attorneys of the plaintiff Alice V. Hannaberry, one of whom was also an attorney for the defendant, fraudulently procured an assignment and a conveyance to him of her interest in the estates of her father and mother for a grossly inadequate sum.

The suit was referred to a master, the substance of whose report is stated in the opinion. After the filing of his report, the plaintiffs moved to amend their bill by setting forth more fully the acts of fraud of the attorneys of the plaintiff Alice V. Hannaberry, one of whom they alleged was also an attorney for the defendant, upon which they relied. Other proceedings in the case are described in the opinion.

From a final decree dismissing the bill the plaintiffs appealed.

*A. D. Radley,* for the plaintiffs.

*C. Toye,* for the defendant, submitted a brief.

RUGG, C. J. This is a suit in equity alleging in substance that the female plaintiff, hereafter referred to as the plaintiff, was an heir at law and a distributee of the estates of her deceased father and mother, and as such was entitled to an interest in real estate and personal property; that the defendant conspired with two other persons to procure fraudulently the conveyance to him of her interest in this real estate and the assignment of her share as distributee in the personal property, which together were of the value of $2,500, for the grossly inadequate consideration of $500 in cash and a time note for $300. The case was referred to a master, who found that the plaintiff was owner of the interest in the estates of her father and mother of the value alleged, and that she made conveyance and transfer to the defendant for the price averred. He further found that the defendant did not conspire with the persons alleged to procure the deed and assignment from the plaintiff, but that both were executed for a valuable consideration and were obtained by the defendant without fraud or conspiracy. This finding rendered immaterial all the other allegations of the plaintiff's bill. If those acting as counsel for the plaintiff were faithless or betrayed her interests, she cannot hold the defendant responsible therefor, who was not a participant in any fraud or conspiracy and was innocent of any wrong to the plaintiff.

The whole issue presented by the record was one of fact. The master found the essential facts in favor of the defendant. That finding must be accepted as final, because there is no report of the evidence.

The plaintiff presented eleven "requests for rulings." These are all requests for findings of fact. No one of them relates to a principle of law. The master's refusals to find in accordance with these

requests was only another way of saying that the evidence did not convince him that they were in accordance with the facts. No question of law thereby is involved.

The plaintiff filed a motion to be allowed to amend her bill and to recommit the case to the master for further hearing. Both these motions were addressed under the circumstances here disclosed to the discretion of the court. Their denial manifestly was not an abuse of discretion and presents no question of law.

*Decree affirmed with costs.*