CONRAD RENO *vs.* JAMES E. COTTER & others.

Hampden.   September 22, 1921. — October 11, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Equity Pleading and Practice,* Motion to amend, Appeal, Report.

The decision, whether a motion amending a suit in equity into an action at law shall be allowed, rests in sound judicial discretion.

The mere facts that, after a judge of the Superior Court heard a demurrer to a bill in equity, he filed a report of the question involved which did not contain an order sustaining the demurrer but did contain a recital that, if the demurrer was sustained, the plaintiff might amend, which report was superseded by another containing an order sustaining the demurrer, both reports later being discharged and decrees entered sustaining the demurrer and dismissing the bill, from which the plaintiff appealed; and that, in an opinion of this court affirming the decrees dismissing the bill, it was stated that "The causes of action against the . . . defendants seem to be appropriate subjects for several actions at law," do not make it an abuse of judicial discretion to deny a motion, which was filed by the plaintiff substantially five months after the rescript of this court and which sought an amendment of the suit into an action at law.

BILL IN EQUITY, filed in the Superior Court on February 11, 1915, against James E. Cotter, James W. McDonald and William J. Lowrie for accountings by the defendant Cotter and by the defendant McDonald for sums alleged to be due from each of them to the plaintiff by reason of payments made to them for professional services rendered by them and the plaintiff in matters described in the opinion, and to reach and apply, in payment of amounts found due on such accountings, certain alleged rights of the defendants Cotter and McDonald arising out of litigation carried on by them for the benefit of the defendant Lowrie.

The suit previously was before this court upon an appeal from a final decree dismissing the bill after the sustaining of demurrers of the defendants, and, in a decision reported in 236 Mass. 556, the decree was affirmed. After the rescript following that decision, the plaintiff filed two motions, one as to each of the defendants Cotter and McDonald, seeking to amend his suit in equity into actions at law against the defendants severally, alleging in the motion that it was "pursuant to the opinion and decree of the Supreme Judicial Court for the Commonwealth in said cause . . . that the bringing of his suit in equity was due to a misapprehension on his part, to wit, that he had no adequate remedy at law; whereas the Supreme Judicial Court has held in this cause that the plaintiff's causes of action are appropriate subjects for several actions at law against the defendants Cotter and McDonald . . . that, if he is not allowed to change his suit in equity into several actions at law against said Cotter and said McDonald, his cause of action may be barred by the statute of limitation."

The motions were heard by *Wait,* J. No interlocutory decrees were entered, but each motion bears the indorsement: "June 22, 1921. Heard. No evidence being heard. Denied." A final decree dismissing the bill then was entered. The plaintiff appealed.

*C. Reno* (*W. G. Brownson* with him), for the plaintiff.

*J. P. Fagan* & *J. W. McDonald,* for the defendants, submitted a brief.

CROSBY, J. This is a suit in equity filed in the Superior Court on February 11, 1915, in which the plaintiff alleges that certain sums of money are due to him from the defendants; demurrers severally filed by the defendants, alleging among other grounds that the bill is multifarious, were sustained; and a final decree

was entered dismissing the bill, from which the plaintiff appealed. The case was before this court on appeal (236 Mass. 556), and it was then held that the demurrers were rightly sustained, and the decree was affirmed with costs. A rescript to that effect was filed on January 3, 1921.

On June 1, 1921, the plaintiff filed in the Superior Court a motion to amend by changing the suit in equity into an action at law as to the defendant Cotter, and a similar motion as to the defendant McDonald. These motions were heard by a judge of that court and severally denied on June 22, 1921; thereafter on the same day a final decree was entered dismissing the bill with costs, and the plaintiff appealed.

The record shows that when the case was first heard in the Superior Court on the demurrers, the judge, without deciding them, filed a report to this court of the questions thereby raised; the same judge later made an order sustaining the demurrers and reported the case to this court. That report, among other matters, recites that if either demurrer is sustained on any ground the plaintiff may amend on payment of costs. Afterwards the reports were discharged for failure to enter them in the Supreme Judicial Court. The plaintiff earnestly contends that, as the judge did not decide the demurrers when he filed his first report and the plaintiff later was given leave to amend, he is entitled as of right after rescript to amend, and that he cannot be deprived of that right so given him in the second report. This contention cannot be sustained. In the previous decision it was held that the first report was superseded by the second, and that the latter was discharged rightly. *Reno* v. *Cotter*, 236 Mass. 556, at page 559.

The plaintiff contends that, in denying the motions to amend the bill into an action at law, the judge abused his discretion. It is elementary that the decision whether an amendment shall be allowed rests in sound judicial discretion. *Lang* v. *Bunker*, 6 Allen, 61. *Merchants' Bank of Newburyport* v. *Stevenson*, 7 Allen, 489, 491. *Drew* v. *Beard*, 107 Mass. 64, 76. *Tufts* v. *Waxman*, 181 Mass. 120. *Fay* v. *Boston & Worcester Street Railway*, 196 Mass. 329, 336. *Aronson* v. *Nurenberg*, 218 Mass. 376. *Reno* v. *Cotter, supra*.

Although it was said in the first opinion that "The causes of action against the defendant Cotter and that against both defend-

ants seem to be appropriate subjects for several actions at law," that statement cannot be construed as an adjudication that a denial of the motions would be an abuse of judicial discretion. In view of the history of the case, including the fact that the motions were filed substantially five months after the filing of the rescript, the judge may have believed that the plaintiff had delayed so long in the prosecution of his demand, that the litigation ought not to be further prolonged. We find nothing on this record to show an abuse of discretion in denying the motions. If it be assumed that St. 1913, c. 716, § 3, is pertinent, we decline under the circumstances here disclosed to overrule the Superior Court.

*Decree affirmed with costs of the appeal.*