A. T. STEARNS LUMBER COMPANY *vs.* AUGUSTINE J. HOWLETT
& others.

IRVING & CASSON-A. H. DAVENPORT CO. *vs.* SAME.

Suffolk.   March 29, 1928. — October 8, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Unlawful Interference. Conspiracy. Monopoly. Labor Union. Unfair
List. Equity Pleading and Practice,* Decree.

Determination of motions, by the defendant in a suit in equity after re-
script, to amend his answer, to dismiss as to one of the plaintiffs, and
to recommit the suit to a master, is within the discretion of the Superior
Court.

By a previous decision of this court in a suit in equity by a manufacturer
of trim and finish used in the construction of buildings, against the
officers and members of a voluntary, unincorporated labor union, seek-
ing to have enjoined an alleged illegal combination and conspiracy on
the part of the defendants to injure the plaintiff's business, it was de-
termined that the defendants had so conspired, and by rescript it was
ordered that the plaintiff was entitled to a decree dealing with the
following issues: "(1) the refusal of members of the union to install non-
union made materials; (2) strikes compelling any employer to refrain
from purchasing non-union made material; (3) the issuing of an unfair
list; (4) strikes to compel the hiring of union foremen only; (5) the impo-
sition of fines upon union men who are unwilling to join unlawful strikes;
and (6) the combination to induce employers to sign . . . [a certain
agreement] or to agree to purchase union made material only." A
final decree was entered in the Superior Court, in substance permanently
enjoining the defendants, their servants, agents and attorneys from
all of the conduct above enumerated. Upon appeal by the defendants,
it was *held,* that

(1) Curtailment of the independence of action of any defendant was
proper so far as it was a necessary incident to the relief ordered by the

rescript; the defendants could not complain of restraint placed upon them as a result of their own wrongful acts;

(2) The decree did not impose upon the defendants restraint greater than was appropriate to secure to the plaintiff the relief to which he had been held entitled;

(3) The decree must be affirmed.

Two BILLS IN EQUITY, filed in the Superior Court on June 20 and June 23, 1916, respectively, and afterwards amended, by manufacturers of trim and finish used in the construction of buildings, against certain named officers of voluntary, unincorporated labor unions and all members of such unions "who are numerous and most of whom are" to the plaintiffs unknown, seeking to have enjoined an alleged illegal combination and conspiracy on the part of the defendants to injure the plaintiffs' businesses.

The suits previously were before this court upon a report by *Bishop*, J., where, in a decision reported in 260 Mass. 45, it was determined that the defendants had conspired as alleged; and it was decided that the plaintiffs were entitled to decrees dealing with the following issues: (1) the refusal of members of the union to install non-union made material; (2) strikes compelling any employer to refrain from purchasing non-union made material; (3) the issuing of an unfair list; (4) strikes to compel the hiring of union foremen only; (5) the imposition of fines upon union men who are unwilling to join unlawful strikes; and (6) the combination to induce employers to sign a certain agreement or to agree to purchase union made material only.

The agreement referred to was one for use between the unions and manufacturers of trim, and provided that the union would furnish to the manufacturer the use of its union label and stamp and in certain ways would promote the use of trim bearing such label; that all the employees of the manufacturer must be members of the union; and that the manufacturer would employ none but members of the union or such workmen as should signify their willingness to join the union, would abide by the laws and rules of the union in certain respects, and would meet a committee of the union at any time to discuss and adjust grievances and misunderstandings.

In the Superior Court, the defendants filed in each suit motions to amend their answers and to recommit the suit to the master; and a motion to dismiss the second suit as to one of the plaintiffs.    The motions were heard and denied by *Lummus,* J., by whose order a final decree was entered in each case, substantially as follows: "... it is ordered, adjudged and decreed that the respondents herein ... and each of them, their servants, agents, attorneys, confederates, and any and all persons acting in aid of, or in conjunction with them or any of them, be and hereby are perpetually enjoined and restrained from:—

"(1) Refusing to install in or in connection with buildings materials manufactured or furnished by the complainants ... or either of them, and from attempting, either directly or indirectly, by threats or otherwise, to prevent the use, installation or sale of the products of the said complainants, or either of them, by inducing or attempting to induce any person or persons whomsoever to decline employment, or cease employment or not to seek employment under any person, firm or corporation because such person, firm or corporation intends to include in building specifications or have purchased or contracted or purposed to purchase products of the complainant for installation in or in connection with buildings or because materials furnished by the complainant are being used or purposed to be used on or in connection with some building where the said persons were doing work;

"(2) Striking or abandoning work on or about buildings in order to compel or induce employers to refrain from purchasing, contracting to purchase, or using the complainant's products or any of them;

"(3) Publishing, circulating or otherwise communicating, either directly or indirectly, in writing or orally, to any other person, firm or corporation, any statement or notice of any kind or character whatsoever calling attention to the fact that your [*sic*] complainant or its business or its products are or were or have been declared unfair or are on any unfair list or that your [*sic*] complainant should not be patronized or dealt with or its products purchased, used, handled, worked

upon or dealt in because made in an open or nonunion shop, and from publishing, circulating or communicating either orally or in writing any representation or statement of like effect or import for the purpose of injuring or interfering with the complainant's business or with the free and unrestricted right of the complainant to dispose of its products and to obtain contracts or orders for merchandise to be made by it;

"Giving notice verbally or in writing to any person, firm or corporation to refrain from soliciting, making or carrying out contracts with complainant for merchandise to be made or refrain from purchasing or attempting to purchase materials of any sort from complainant under threats that if such contracts or purchases are made or carried out they will cause the persons so notified loss, trouble or inconvenience, or that they will cause persons in the employ of said persons so notified to withdraw from their employment or that they will cause persons employed by others upon buildings where said persons so notified are doing work to withdraw from work upon said building;

"(4) Striking or abandoning work on or about buildings or inducing others to strike or abandon work in order to compel the complainant to employ as foreman a person or persons who is a member of, or in any way affiliated with, the defendant organizations or any of them;

"(5) Imposing, threatening to impose, fines or penalties upon members of the defendant organizations or unions affiliated therewith who refuse or are unwilling to join in any strike or quitting work forbidden by this decree;

"(6) Combining in any way and by any means directly or indirectly to induce or compel employers, including this complainant, to sign the agreement annexed to the bill of complaint or any agreement in similar terms and for similar purposes or to agree to purchase or use union made material only or material made in only such mills as are approved by the defendants."

The defendants appealed in each case.

The cases were submitted on briefs.

*L. A. Mayberry & P. Mansfield,* for the defendants.

*E. A. Whitman,* for the plaintiffs.

WAIT, J.   These cases are before us upon appeals from the denial of motions to amend the answers, to dismiss as to one plaintiff, and to recommit to the master; as well as from the final decrees entered after rescript following the decision reported in 260 Mass. 45.

The motions to amend, to dismiss and to recommit were addressed to the discretion of the Superior Court.  *Smith* v. *Lloyd,* 224 Mass. 173.  *Hannaberry* v. *Greer,* 225 Mass. 201.  *Cobb* v. *Fogg,* 166 Mass. 466.  We find no abuse of discretion in the denial.

The defendants contend that the injunctions are too broad.   In so far as they seek to overturn the decision on which the decrees are based we shall not discuss the matter. The rights of the plaintiffs are established.   If, however, the decrees pass beyond the protection of those rights, and trench upon rights of the defendants not affected by our decision and rescript, they may call for reformation.   That decision determined that the defendants wrongfully conspired to injure the plaintiffs (1) by refusing to install material not made by union members; (2) by threatening strikes to compel any employer to refrain from purchasing nonunion made material; (3) by issuing an unfair list; (4) by striking to compel the hiring of none but union foremen; (5) by imposing fines upon union men unwilling to join unlawful strikes; and (6) by combining to induce employers to sign an agreement annexed as an exhibit to the bill and known as agreement "A", or to agree to purchase only union made material.   It held that they took part in action which tended so directly and inherently to create a monopoly that restraint was necessary.   It directed that the several defendants should be restrained from doing the several things pointed out.   If, as a necessary incident to such restraint, the independence of action of any defendant is affected, to that extent the decision has settled that such independence is lawfully curtailed.   The decision is nugatory unless such is its effect.   The defendants contend that they are required by the decrees to work upon nonunion material contrary to their wishes and to the laws of their association.   In part this is true: but only so far as the right of the plaintiffs to be

free from wrongful interference in the business of furnishing trim is affected by a refusal so to work. They speak of this as "involuntary servitude." It is no more involuntary servitude than any obedience to the law contrary to one's personal preference. They have placed themselves, by their wrongful action, in the position which makes necessary such restraint. It is not open to them to complain, unless unreasonable restraint not required in consequence of wrongful conduct has been imposed.

The decrees, as we construe them, do not impose restraints other than those decided to be appropriate to safeguard the rights of the plaintiffs in the circumstances found by the master and established by this court. They are consonant with the law. *Rice, Barton & Fales Machine & Iron Foundry Co.* v. *Willard,* 242 Mass. 566. *W. A. Snow Iron Works, Inc.* v. *Chadwick,* 227 Mass. 382. *L. D. Willcutt & Sons Co.* v. *Driscoll,* 200 Mass. 110. *Purvis* v. *United Brotherhood of Carpenters & Joiners,* 214 Penn. St. 348. *Irving* v. *Neal,* 209 Fed. Rep. 471. *Toledo, Ann Arbor & North Michigan Railway* v. *Pennsylvania Co.* 54 Fed. Rep. 730, 737, 738. Compare *Duplex Printing Press Co.* v. *Deering,* 254 U. S. 443, 478, 479.

The decrees are affirmed with costs.

*So ordered.*