SIGNE N. JAMNBACK *vs.* AAMUNKOITTO TEMPERANCE SOCIETY, INC.

Worcester. September 24, 1930. — October 3, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Trustee Process. Mortgage,* Of personal property. *Practice, Civil,* Amendment of supplementary process, Amendment or correction of order by court.

Personal property subject to a mortgage in the common form was attached in an action against the mortgagor by a creditor, the officer's return stating that he made the attachment on the defendant's premises. There was no evidence that there had been a breach of the conditions of the mortgage or that the mortgagee had taken possession of the property at the time of the attachment. There was evidence that the mortgage was invalid as to the plaintiff. The mortgagee was made a party to the action as trustee of the defendant under G. L. c. 223, § 79. The trial judge denied a motion by the trustee that he be discharged and ordered that he be charged. *Held,* that

(1) The statement in the officer's return warranted a finding that the property was in the possession of the defendant, the mortgagor, when it was attached;

(2) The trustee's request properly was refused;

(3) The order by the judge was proper.

It is not necessary that a writ or precept ordering an attachment of personal property subject to a mortgage, under the provisions of G. L. c. 223, § 79 *et seq.*, should state that the person summoned as trustee of the defendant is the mortgagee.

The plaintiff in an action filed a motion for the issuance of a special precept to attach certain personal property of the defendant on which a certain named person claimed to have a mortgage. The motion was allowed and a precept, in the form commonly used in writs by trustee process under G. L. c. 246, issued, authorizing the attachment and the summoning of the person named as trustee of the defendant. It appeared that the trustee had no goods, effects or credits of the defendant in his possession at the time of service of the precept upon him, and that he was holder of a mortgage on the property which was invalid as against the plaintiff. The trial judge found that he had been summoned on the special precept under G. L. c. 246, and not as trustee under G. L. c. 223, as he had "not been described as trustee of the mortgagor in said precept," and ordered the trustee discharged. Thereafter, before the action went to judgment, the judge allowed a motion by the plaintiff to amend the precept so that it would recite that the trustee was "summoned as mortgagee of the defendant's property," struck out his former finding and ordered the trustee charged. *Held,* that

(1) The action not having gone to judgment, the judge properly might reconsider his previous decision and ruling to correct an error;

(2) The allowance of the plaintiff's motion to amend was within the discretion of the judge;

(3) There was no error in the judge's final order.

CONTRACT. Writ in the District Court of Fitchburg dated March 20, 1929.

Proceedings in the District Court with reference to persons summoned by the plaintiff as trustees are described in the opinion. The original special precept contained recitals as follows:

"We Command you therefore to attach the goods and estate of said Aamunkoitto Temperance Society, Inc., alias to the value of eight hundred dollars, to secure the judgment or decree which said Signe N. Jamnback may obtain in said cause.

"And whereas the said Plaintiff saith that the said Defendant has not in his own hands and possession, goods and estate

to the value of eight hundred dollars, aforesaid, which can be come at to be attached, but has instrusted [sic] to and deposited in the hands and possession of . . . [named alleged] Trustee[s] of the said defendant, goods, effects and credits to the said value: We command you therefore, that you summon the said Trustee[s], if . . . [they] may be found in your precinct, to appear . . . to show cause (if any they have) why execution, to be issued upon said judgment as the said Plaintiff may recover against the said Defendant in this action (if any,) should not issue against his goods, effects, or credits, in the hands and possession of them the said Trustees."

The trial judge ordered the trustees charged and reported the action to the Appellate Division for the Western District. The report was ordered dismissed and the trustees appealed.

The case was submitted on briefs.

*J. G. Annala*, for trustees.

*S. M. Salny*, for the plaintiff.

CROSBY, J. This is an action of contract, commenced by trustee process in the District Court of Fitchburg, in which the plaintiff seeks to recover on a promissory note where the principal defendant is the maker. The finding of the judge charged the trustees, and they bring the case to this court, contending that they are aggrieved by the finding.

After the bringing of the action a motion was filed by the plaintiff for a special precept authorizing the attachment of certain personal property of the defendant located on its premises and on which property the trustees claim to have a mortgage. This motion was allowed and the precept issued. The officer's return on the precept showed that he attached the defendant's personal property on premises occupied by it; that subsequently he removed the personal property so attached as the result of a demand made upon him to do so by the attorney for the defendant. The death of John Niemi, named as one of the trustees in the special precept, occurred before the return day, and his death was suggested to the court. The trustees named in the special precept answered that they had no goods, effects or credits

of the defendant in their hands or possession at the time of the service of the precept upon them and that the defendant owed them $1,600 secured by a mortgage duly recorded, and they offered to submit themselves to be examined under oath, and prayed that they be discharged. The trustees were examined in writing and orally. At the examination it appeared that they had no goods, effects or credits in their possession belonging to the defendant at the time of the service of the special precept on them, but that the defendant owed them $1,600 secured by a mortgage given to them, and to the deceased trustee Niemi, by the defendant. The mortgage was in common form and covered the property attached; it contained a clause giving the mortgagor possession until a breach thereof. There was evidence from which the judge could find that the mortgage was invalid as against the plaintiff. The recitals in the officer's return were the only evidence as to who had possession of the property attached, except that there was no claim that the mortgagees had taken possession of the property prior to breach of the conditions, or that there was any breach of the mortgage at the time of the attachment. At the close of the evidence the trustees requested the judge to rule (1) that on all the pleadings and evidence the trustees be discharged; (2) that certain named persons summoned as trustees in the special precept were so summoned under G. L. c. 246, and not as trustees for the mortgagor under G. L. c. 223, (§ 79).

On January 17, 1930, the judge found that the trustees were summoned on the special precept under G. L. c. 246, and not as trustees under G. L. c. 223, as they had "not been described as trustees of the mortgagor in said precept, although the said personal property was in the possession of the defendant at the time of the attachment, and was attached by said special precept." Therefore the judge ordered that the trustees be discharged. He stated, however, that if his decision was found by the Appellate Division to be erroneous, then he found that the mortgage was invalid as against the plaintiff, and that the trustees should be charged. The trustees filed thirteen requests for rulings.

The judge gave the first, second and fourth, and denied the others.

On January 18, 1930, and before the case went to judgment, the plaintiff filed a motion to the effect that the court amend the special precept previously issued, so that it would recite that the alleged trustees "are summoned as mortgagees of the defendant's property." The plaintiff marked the motion for hearing on January 24, 1930, and duly filed a certificate of his having notified counsel for the trustees of the filing of the motion and having sent a copy thereof, and of the marking of the same for hearing on January 24. On the last named date the motion was allowed without the trustees being represented. They requested that the allowance of the motion be reported. Thereafter the trustees filed a motion to strike out and disallow the plaintiff's motion to amend the special precept, and a motion to set aside the previous finding and reopen the case for further hearing. There was a hearing on these motions on January 31 and the hearing was adjourned to February 1 to permit counsel for the trustees to be present. On February 1 counsel for the trustees filed an affidavit stating that he had not been served with a copy of the plaintiff's motion and was not notified of the date of the hearing thereon, and that he did not wish to be heard on his motions as he understood they had been previously argued by other counsel representing the trustees. "No evidence was offered by said Anderson [counsel for the trustees], or anyone else, that he did not in fact receive copy of said motion, except said Mr. Anderson's affidavit." If it be assumed that counsel for the trustees was not notified of the hearing on the motion to amend, it could have been found that such notice was waived. It could also have been found that the trustees were represented at the hearing by counsel.

On February 7, 1930, the judge made the following finding and rulings: "Whereas the said plaintiff has filed a motion to amend the said special precept, which motion has been allowed by the court, I now order that the first paragraph of the former finding on said special precept be

stricken out, and I hereby find that the said mortgage is invalid as against the said plaintiff, and order that the said trustees, as named herein be charged." The trustees contending to be aggrieved by the findings and rulings of the judge, he reported the same to the Appellate Division. The Appellate Division found that there was no prejudicial error in the refusal of the trial judge to give the rulings requested, in the rulings made, or in the allowance of the motion to amend the special precept, and ordered the report dismissed.

The trustees' first request that on all the pleadings and evidence the trustees be discharged was rightly refused. There was evidence sufficient to warrant a finding that the personal property was in the possession of the mortgagor at the time of the attachment. There was no evidence of any breach of the conditions of the mortgage or that the mortgagees were in possession of the property. The finding that it was on the premises of the mortgagor must stand.

The second request could not rightly have been given. It was not necessary to describe the trustees named in the writ as mortgagees under G. L. c. 223, § 79. See *Adams* v. *Wildes*, 107 Mass. 123, 126; *Moors* v. *Reading*, 167 Mass. 322, 326.

Although the judge first ruled that the trustees were summoned on the special precept under G. L. c. 246 and not under G. L. c. 223, he afterwards changed that ruling, and ruled that they were summoned under G. L. c. 223, § 79, and that the mortgage was invalid as against the plaintiff. There was no error in his final ruling. *Emery* v. *Seavey*, 148 Mass. 566. *Shapiro* v. *Park Trust Co.* 253 Mass. 383.

The contention of the trustees that the trial judge could not change his original order discharging the trustees 'is without merit. If a case has not gone to judgment, a judge may reconsider a decision made by him, and if he finds he has made an erroneous decision, he may correct the error. *Waucantuck Mills* v. *Magee Carpet Co.* 225 Mass. 31, 33. *Clark* v. *McNeil*, 246 Mass. 250, 256, 257. *Thorndike, petitioner*, 254 Mass. 256. *Conway* v. *Kenney, ante*, 19.

The allowance of the motion to amend the special precept was a matter within the discretion of the judge. *Reno* v. *Cotter,* 239 Mass. 581, 583.. *Savage* v. *Welch,* 246 Mass. 170, 178. *A. T. Stearns Lumber Co.* v. *Howlett,* 264 Mass. 511, 515.

There was no error in the action of the judge in the rulings made by him upon the various motions and requests for rulings and in charging the trustees.

*Order dismissing report affirmed.*