PHILOMENE FORTIER & another *vs.* ADELARD J. MONAT & another.

Franklin.     September 20, 1933. — May 24, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Contract*, Rescission.     *Equity Jurisdiction*, Rescission.     *Equity Pleading and Practice*, Bill, Decree.

The allegations in a bill in equity were that the plaintiff, in reliance upon false representations as to the profits received by the defendant in conducting a certain hotel business, made to the plaintiff by the defendant with knowledge of their falsity, was induced to his harm to purchase the hotel, to pay the defendant a certain amount of cash and further to deliver to him a note secured by a mortgage, and that thereby the plaintiff had suffered great loss; and the prayers of the bill were that the amount of damages sustained by the plaintiff by reason of the misrepresentations of the defendant be determined, that the defendant be

ordered to pay the amount thereof to the plaintiff, that the note made by the plaintiff and the mortgage securing it be annulled and cancelled, that the defendant place the plaintiff in *statu quo*, and that general relief be granted. After hearings, the allegations of the bill were found to be sustained and it was found that the plaintiff, after more than two months' possession of the hotel, had given it up, that the defendant had retaken possession and that the amount of the loss suffered by the plaintiff could not be computed on the evidence. A final decree was entered, directing payment to the plaintiff of the cash which he had paid to the defendant with interest and declaring null and void the plaintiff's note, but not directing the plaintiff to reconvey the property to the defendant. *Held,* that

(1) The plaintiff had not proceeded on the theory of affirming the contract and seeking damages;

(2) Although the bill did not include an express allegation respecting rescission of the transaction, which would have been desirable, the bringing of the suit together with the general force and effect of the allegations of the bill constituted notice of rescission;

(3) The allegations and findings were enough to support the inferences that the plaintiff had not parted, except to the defendant, with any of the property received by him in the transaction, and that he had returned all of such property to the defendant;

(4) The relief given was appropriate to rescission;

(5) In the circumstances, it could not be said that the decree was incomplete or unjust in failing to order return of the property to the defendant, especially since it did not appear that the defendant assailed the decree on that ground;

(6) The decree was affirmed.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated October 1, 1931, and described in the opinion.

The suit was referred to a master. Material facts found by him are stated in the opinion. After hearing upon the master's report by *T. J. Hammond,* J., the final decree for the plaintiffs described in the opinion was entered. The defendants appealed.

*W. A. Davenport,* for the defendants.

*D. Judelson,* for the plaintiffs.

RUGG, C.J. This is a suit in equity by the purchasers of the real estate, furnishings and business of a hotel from the defendants. The allegations in the bill are that the plaintiffs, in reliance upon false representations as to the profits received by the defendants in conducting the hotel business made to them by the defendants with knowledge

that such representations were false, were induced to their harm to make the purchase; that they paid to the defendants $2,000 in cash and made and delivered a note payable to the order of the defendants for $10,000 secured by mortgage upon the property purchased, the conveyance being made subject to a prior first mortgage, and that thereby the plaintiffs have suffered great loss. The prayers of the bill are that the amount of damages sustained by the plaintiffs by the misrepresentations of the defendants be determined; that the defendants be ordered to pay the amount of the same to the plaintiffs; that the note for $10,000 made by the plaintiffs payable to the order of the defendants and the mortgage securing the same be annulled and cancelled; that the defendants place the plaintiffs in *statu quo*, and that general relief be granted.

The case was referred to a master to hear the parties and find the facts. It appears from the master's report that the purchase was made as alleged and that false representations as to the receipts from the hotel were made to the plaintiffs by one of the defendants; that the plaintiffs undertook to run the hotel from July 1, 1931, until September 23, 1931, when they gave it up and the defendants again took possession. The place was run at a loss from the time the plaintiffs took it over until they gave it up to the defendants. Because of lack of evidence, it was impossible to compute the amount of loss sustained by the plaintiffs.

No exceptions were taken to the master's report and an interlocutory decree was entered confirming it. The defendants, after the coming in of the master's report, filed a motion to amend their answer by pleading laches, and appealed from an interlocutory decree denying that motion. *A. T. Stearns Lumber Co.* v. *Howlett*, 264 Mass. 511, 515. *Abbott* v. *Bean*, 285 Mass. 474, 478–479. This appeal has not been argued and is treated as waived. The trial judge drew inferences from the master's report that the defendants made false and fraudulent representations with intent to induce the plaintiffs to purchase the property, that in reliance upon the truth of such

representations the plaintiffs made the purchase, and that the plaintiffs were entitled to be relieved of their contracts and obligations incident to the transaction and to be placed in *statu quo*, and ordered the entry of a final decree that the defendants pay to the plaintiffs $2,000 with interest and costs and that the note for $10,000 be declared void and be returned to the plaintiffs. The defendants appealed from the interlocutory and final decrees.

The defendants have argued only two points in support of their appeals, viz., that the plaintiffs, on discovery of the fraud practised on them, had two remedies open: (1) "To rescind the contract and place the parties" in *statu quo*, and (2) "To affirm the contract and seek damages." Only these points need be considered. It is argued that the plaintiffs are not entitled to either remedy.

The plaintiffs have not proceeded on the theory of affirmation of the contract and asking damages. The master was unable to find damages. The final decree is not framed on the theory of affirmation of the contract. *McNulty* v. *Whitney*, 273 Mass. 494, 504–505.

The bill contains no allegation that the plaintiffs have offered to rescind the contract. It makes no express allegation of rescission. Such allegations, although desirable, are not essential in all circumstances to obtaining relief by rescission. The general force and effect of the allegations already recited constitute in our opinion notice of rescission by the plaintiffs. The bringing of the suit was itself a sufficient notice of rescission. *Parker* v. *Simpson*, 180 Mass. 334, 343. *Lima* v. *Campbell*, 219 Mass. 253, 258. The prayers that the note and mortgage be cancelled and that the plaintiffs be put in *statu quo* import recognition of an obligation on the part of the plaintiffs to return whatever they received from the defendants not already returned to them. The finding that the plaintiffs were in possession of the property only a little over two months when they gave it up to the defendants, who resumed possession, carries an implication that there has been returned to the defendants whatever the plaintiffs received. These allegations and findings are enough to support the infer-

ence that the plaintiffs have not parted, except to the defendants, with any of the property received by them under the conveyance. *Zintz* v. *Golub*, 260 Mass. 178.

The inference is that in some way the title to the property has become revested in the defendants. That inference also finds support in the terms of the final decree. The final decree establishes the indebtedness and orders the payment by the defendants to the plaintiffs of $2,000 with interest and costs and declares null and void the note for $10,000 and orders its return to the plaintiffs by the defendants. This is the appropriate relief to be afforded on rescission. It simply orders returned to the plaintiffs the consideration paid by them to the defendants for the transfer of the property. The final decree makes no mention of the transfer of the equity of redemption of the property from the plaintiffs to the defendants. Manifestly, unless that equity has become vested in the defendants, the decree would be incomplete and unjust in not ordering the plaintiffs to make such transfer as a condition of the decree. The defendants do not assail the decree on this ground. It cannot be presumed to exist.

All the arguments presented in behalf of the defendants have been considered.

> *Interlocutory decrees affirmed.*
> *Final decree affirmed with costs.*